```
IN THE UNITED STATES DISTRICT COURT FOR THE
        EASTERN DISTRICT OF OKLAHOMA
```

```
CHOICE L. DOTY,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )   Case No. CIV-13-456-RAW-KEW
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social             )
Security Administration,           )
                                   )
            Defendant.             )
```

## REPORT AND RECOMMENDATION

Plaintiff Choice L. Doty (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on July 15, 1974 and was 38 years old at the time of the ALJ's decision.  Claimant obtained her GED, having taken special education classes for reading.  Claimant has worked in the past as a office manager and administrative clerk.  Claimant alleges an inability to work beginning September 23, 2008 due to limitations resulting from severe headaches and depression.

**Procedural History**

On June 30, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Doug Gabbard II ("ALJ") on March 6, 2012 in McAlester, Oklahoma. The ALJ issued an unfavorable decision on June 28, 2012. On August 14, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step two of the sequential evaluation. He determined that while Claimant suffered from medically determinable impairments, none were severe such as to preclude Claimant from engaging in basic work activity.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in reaching a step two finding that Claimant's migraine headaches did not constitute a severe impairment.

**Step Two Evaluation**

4

In his decision, the ALJ determined Claimant suffered from the medically determinable impairments of right frontal colloid cyst, status post total resection, headaches, and depression. (Tr. 12). He concluded, however, that none of these conditions significantly limited Claimant's ability to perform basic work activities for 12 consecutive months and, therefore, were not severe impairments. (Tr. 38). The ALJ concluded Claimant was not under a disability from September 23, 2008 through the date of the ALJ's decision. (Tr. 18).

Claimant contends the ALJ erred in failing to find her migraine headaches as a severe impairment. On January 8, 2008, Claimant sought treatment in the emergency room of Saint Francis Hospital for severe headaches. Claimant was treated with injections of Nubain and Vistaril. (Tr. 201). She sought treatment again on February 22, 2008 indicating the headache started the day before. Claimant was treated with Demerol and Phenergan. (Tr. 293-94). On March 7, 2008, Claimant was treated for a migraine headache in the emergency room with injections. She stated that the headache began three days before. (Tr. 292, 295). On March 25, 2008, Claimant sought treatment for a migraine headache with further injections of Nubain and Vistaril. (Tr. 297-98).

On April 1, 2009, Claimant reported that her migraines were getting worse and uncontrollable and that her Migranol was not helping. Claimant was prescribed Topamax. (Tr. 237). On a return visit on April 15, 2009, Claimant reported that she was experiencing daily headaches such that she did not want to get out of bed. Claimant was treated with Prodrin and Topamax. (Tr. 239).

On June 18, 2009, Claimant sought treatment for a bad migraine which had started the day before and was causing her nausea. Claimant was taking medication but it was not working. Claimant stated that the headaches were causing her to stay in bed because they were too painful to do any activities. Claimant was given a Toradol injection and a prescription for Lortab. (Tr. 242-43).

On June 26, 2009, Claimant sought treatment for her migraine headaches in the emergency room. She indicated the headache had started the day before, was gradual in the onset, and had been waxing and waning. She described the severity of the pain between moderate and severe. Claimant was experiencing blurred vision and nausea. Claimant received intravenous Ativan, Toradol, Benadryl, and Reglan. She reported improvement and received a prescription for Toradol. (Tr. 230-31).

On August 28, 2009, Claimant went to the emergency room complaining of almost daily headaches. She was treated with

Lortab. (Tr. 246-47). On September 28, 2009, Claimant sought further treatment for her headaches and received medication. (Tr. 250-51).

On January 24, 2010, Claimant sought treatment for a migraine headache which had started three days prior to her visit and was causing nausea and vomiting. She reported suffering from migraines to times weekly for about seven months. Claimant was using Topamax but her pain rated at a 9.5/10. Claimant was treated with an injection of Demerol, Phenergan, and Lortab. (Tr. 300-01).

On August 24, 2010, Claimant reported to the emergency room with a migraine headache accompanied by vomiting. The headache had started three days prior to her visit but had worsened. Her pain level began at a 10/10 but with treatment was reduced to a 6-7/10. (Tr. 324-25).

On September 2, 2010, Claimant went to the emergency room complaining of a migraine headache with vomiting. She rated her pain level at a 9/10. She was treated with an injection of Toradol and Phenergan. (Tr. 328-29).

On November 4, 2010, Claimant again sought treatment for a migraine headache in the emergency room. She reported that her medication was ineffective and rated her pain at 9/10. She was treated with an injection of Phenergan and Toradol. (Tr. 332-33).

7

On September 25, 2010, Claimant underwent a Mental Status Examination conducted by Dr. Beth Jeffries. She explained that she had a cyst on the brain which was drained. Claimant stated she had developed headaches at 14 years old and they had become progressively worse until they discovered the cyst. She told Dr. Jeffries that her headaches interfered with her ability to function, causing her to isolate herself, vomit, and have sleep disturbances. She reported that she was not currently working and had been fired from her last job for missing too much work due to headaches. (Tr. 302).

The ALJ referenced Claimant's migraine headache condition but found "[t]he reported onset dates of her headaches and the length of time in between treatment sought for emergent symptoms suggests both that they were not as severe as she alleges, and htat her headaches are relatively responsive to treatment, particularly considering that she testified she now only takes over-the-counter medications." (Tr. 15).

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical,

8

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

The evidence would suggest that Claimant's migraine headaches would seriously interfere with her ability to perform basic work activities on a regular and continuous basis. Soc. Sec. R. 96-8p. Certainly, the frequency of her treatment would suggest more than a *de minimis* effect upon Claimant's ability to work. On remand, the ALJ shall reassess this condition at step two and consider whether he should proceed through the sequential evaluation.

## Conclusion

The decision of the Commissioner is not supported by

substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 17th day of February, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE